# UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF NORTH CAROLINA
### WESTERN DIVISION

UNITED STATES OF AMERICA

    V.

**TORRANCE CARNELL COTRIGHT**
a/k/a "Trey Wit It"

**SEALED**
**WARRANT FOR ARREST**

CRIMINAL CASE: 5:19-CR-00395-15D(2)

EASTERN DISTRICT OF CALIFORNIA
Case No. 5:23-mj-00007-CDB

To: The United States Marshal and any Authorized United States Officer. YOU ARE HEREBY COMMANDED to arrest

**TORRANCE CARNELL COTRIGHT** and he/she shall be brought before the nearest Magistrate/Judge to answer an

\_\_\_\_ Indictment   **X** SEALED Superseding Indictment   \_\_\_\_ Criminal Information   \_\_\_\_ Complaint

\_\_\_\_ Order of Court:   \_\_\_\_ Violation Notice   \_\_\_\_ Probation Violation Petition charging him/her with:

Count 2 - 21 U.S.C. § 846: Conspiracy to Distribute and Possess With the Intent to Distribute Methamphetamine, Cocaine and Marijuana

| Peter A. Moore, Jr. | Clerk of Court |
|---|---|
| Name of Issuing Officer | Title of Issuing Officer |
| *[signature] Carson Treiger* | JANUARY 4, 2022 - RALEIGH, NORTH CAROLINA |
| Signature of Issuing Officer by Deputy Clerk | Date and Location |

Recommended Bond: DETENTION

| RETURN | |
|---|---|
| This warrant was received and executed with the arrest of the above named defendant at | |
| DATE RECEIVED | NAME AND TITLE OF ARRESTING OFFICER | NAME AND TITLE OF ARRESTING |
| DATE OF ARREST | | |

Case 5:23-mj-00007-CDB   Document 1   Filed 03/07/23   Page 2 of 13

FILED IN OPEN COURT
ON 1/4/2022 CB
Peter A. Moore, Jr., Clerk
US District Court
Eastern District of NC

UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

No. 5:19-CR-395-D-6
No. 5:19-CR-395-D-8
No. 5:19-CR-395-D-11
No. 5:19-CR-395-D-12
No. 5:19-CR-395-D-14
No. 5:19-CR-395-D-15
No. 5:19-CR-395-D-16
No. 5:19-CR-395-D-17
No. 5:19-CR-395-D-18
No. 5:19-CR-395-D-19
No. 5:19-CR-395-D-20
No. 5:19-CR-395-D-21
No. 5:19-CR-395-D-22

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| v. ) | |
| ) | |
| TROY DAVIS ) | |
|    a/k/a "Set Trip", "G-Trip" and ) | |
|    "Trip" ) | |
| CHAD MURRAY ) | |
|    a/k/a "Skinny Lok" ) | |
| ABIGAIL LEE ) | THIRD SUPERSEDING |
| DEJANIQUE SHAW ) | INDICTMENT |
| RAYQUAN WIGGINS ) | |
|    a/k/a "Dizzy Two Times" ) | [UNDER SEAL] |
| TORRANCE CARNELL COTRIGHT ) | |
|    a/k/a "Trey Wit It" ) | |
| ANUSKA VIDITO ) | |
|    a/k/a "Nish Nish" ) | |
| SOLOMON MARTINEZ ) | |
|    a/k/a "Shay Lok" ) | |
| EDDIE THOMASSON ) | |
|    a/k/a "Lil Cuz" ) | |
| JAQUAN BROWN ) | |
|    a/k/a "Lil Baby Ace" ) | |
| DEREK HIGHSMITH ) | |
|    a/k/a "D-High" ) | |
| JAWAN WALLACE ) | |
|    a/k/a "Lil Lok" ) | |

1

GREGORY BARNES                )
    a/k/a "Shotgun"           )

The Grand Jury charges that:

## COUNT ONE

From a date unknown to the Grand Jury, but no later than in or about September 2018 and continuing up to and including on or about August 29, 2019, in the Eastern District of North Carolina, and elsewhere, the defendant, "RAYQUAN WIGGINS, also known as "Dizzy Two Times"; others known and unknown to the Grand Jury, was a member and associate of an organization known as the Eight Trey Gangster Crips ("ETGC"). At all times relevant to this Indictment, ETGC members in the Eastern District of North Carolina, and elsewhere, engaged in criminal activity, including, but not limited to, acts involving murder, assaults with dangerous weapons, street level and wholesale narcotics distribution, home invasion robberies, public corruption, illegal sales of firearms, and conspiracy to commit these crimes, among other crimes. ETGC members committed acts of violence to maintain membership and discipline, both within the gang and against non-gang members. Members committed acts of violence, including acts involving murder and assaults, in order to be promoted within the leadership structure of the gang.

At all times relevant to this Indictment, ETGC members met in order to, among other things, initiate new members, issue sanctions for failure to follow real or perceived rules, plan future criminal activities, and report on business related to the gang enterprise, including, but not limited to, discussions of crimes to be

2

committed in furtherance of the enterprise, including drug trafficking, acts of violence.

## The Racketeering Enterprise

1.  ETGC, including its leadership, members, and associates, in the Eastern District of North Carolina, and elsewhere, constituted an "enterprise" as defined by Title 18, United States Code, Section 1959(b)(2), that is, a group of individuals associated-in-fact, that engaged in, and its activities affected, interstate and foreign commerce. The enterprise constituted an ongoing organization, whose members functioned as a continuing unit for a common purpose of achieving the objectives of the enterprise.

## Purposes of the Enterprise

2.  The purposes of the ETGC enterprise included the following:

    a.  Preserving and protecting the power, territory, reputation, respect, and profits of the enterprise through the use of intimidation, violence, threats of violence, and acts involving assaults and murder;

    b.  Promoting and enhancing the enterprise and its members' and associates' activities, including, but not limited to, murders, attempted murders, robberies, drug distribution, and other criminal activities;

    c.  Keeping the community and rivals in fear of the enterprise and its members and associates through violence and threats of violence;

    d.  Providing financial support and information to gang members, including those incarcerated in the United States;

    e.  Providing assistance to other gang members who

3

committed crimes for and on behalf of the gang; and,

  f. Hindering, obstructing, and preventing law enforcement officers from identifying, apprehending, and successfully prosecuting and punishing members of the enterprise.

Manner and Means of the Conspiracy

  3. The leaders of the enterprise directed, sanctioned, approved, and permitted other members and associates of the enterprise to carry out acts in furtherance of the enterprise.

  4. Members and associates of the enterprise committed, conspired to commit, and threatened to commit acts of violence, including acts involving murder, robbery, assault, and intimidation to protect the enterprise's power and territory.

  5. To generate income, members and associates of the enterprise engaged in illegal activities under the protection of the enterprise, including narcotics trafficking, robberies, and other illegal activities.

  6. To enforce discipline and the rules of the enterprise, members and associates of the enterprise engaged in a system of "violations," in which the defendants and others committed, and aided and abetted in the commission of, acts involving murder, physical assault and threats, and the imposition of fines for those members and associates of the enterprise who violated rules, questioned authority, were suspected of cooperating with law enforcement, or otherwise posed any real or perceived threat to the leaders, members, or purposes of the enterprise.

  7. For protection and to carry out criminal conduct, members and associates of the enterprise acquired, carried, and used firearms.

4

8. Members and associates of the enterprise employed and used gang related terminology, symbols, phrases, and gestures to demonstrate affiliation with the gang.

9. To perpetuate the enterprise and to maintain and extend their power, members and associates of the enterprise committed and conspired to commit acts involving murder, intimidation, and assault against its members and other individuals who posed a threat to the enterprise, including those suspected of "snitching" or cooperating with law enforcement.

10. Members and associates of the enterprise used instrumentalities of interstate commerce including telephones, the United States Mail, and social media accounts to communicate. Members of the enterprise talked in code when communicating over the telephone and/or in writing to avoid law enforcement detection.

11. Members and associates of the enterprise were discouraged and forbidden from cooperating with law enforcement. Legal paperwork regarding members and associates was actively reviewed for signs of cooperation.

12. ETGC, through its members and associates, engaged in racketeering activity as defined in Title 18, United States Code, Sections 1959(b)(1) and 1961(1), that is offenses involving narcotics trafficking, in violation of Title 21, United States Code, Sections 841 and 846, and acts involving murder, in violation of North Carolina General Statutes §§ 14-17 and 14-2.4, 14-2.5.

13. On or about July 24-25, 2019, in Wake County, within the Eastern District of North Carolina, the defendant, RAYQUAN WIGGINS, also known as

"Dizzy Two Times", aiding and abetting one another and others known and unknown to the Grand Jury, for the purpose of maintaining and increasing position in ETGC, an enterprise engaged in racketeering activity, did knowingly and intentionally conspire to murder Joelle Hamlin, in violation of North Carolina General Statutes §§ 14-17 and 14-2.4.

All in violation of Title 18, United States Code, Sections 1959(a)(5) and 2.

## COUNT TWO

From a date unknown to the Grand Jury, but no later than in or about September 2018 and continuing up to and including on or about August 29, 2019, in the Eastern District of North Carolina, and elsewhere, the defendants, TROY DAVIS, also known as "Set Trip", "G Trip" and "Trip," CHAD MURRAY, also known as "Skinny Loc", Torrance Carnell COTRIGHT also known as "Trey Wit It," ANUSKA VIDITO, also known as "Nish Nish" and "Chocolate," SOLOMAN MARTINEZ, also known as "Shay Lok," EDDIE THOMASON, also known as "Lil Cuz", JAQUAN BROWN, also known as "Lil Baby Ace," DEREK HIGHSMITH, also known as "D-High, JAWAN WALLACE, also known as "Lil Lok", GREGORY BARNES, also known as "Shotgun," and ABIGAIL LEE, did knowingly and intentionally combine, conspire, confederate, agree and have a tacit understanding with each other, and others known and unknown to the Grand Jury, to knowingly and intentionally distribute and possess with the intent to distribute methamphetamine and cocaine, Schedule II controlled substances, and marijuana, a Schedule I controlled substance, in violation of Title 21, United States Code, Section 841 (a)(1).

### Quantity of Controlled Substances Involved in the Conspiracy

With respect to TROY DAVIS, also known as "Set Trip", "G Trip" and "Trip", the amounts involved in the conspiracy attributable to him as a result of his own conduct and the conduct of other conspirators reasonably foreseeable to him, is fifty (50) grams or more of methamphetamine, a Schedule II Controlled Substance, violation of Title 21, United States Code, Section 841(b)(1)(A); five (5) kilograms or more of cocaine, a Schedule II Controlled Substance, in violation of Title 21, United States Code, Section 841(b)(1)(A); and a quantity of marijuana, a Schedule I Controlled Substance, in violation of Title 21, United States Code, Section 841(b)(1)(D).

With respect to CHAD MURRAY, also known as "Skinny Lok," the amounts involved in the conspiracy attributable to him as a result of his own conduct and the conduct of other conspirators reasonably foreseeable to him, are fifty (50) grams or more of methamphetamine, a Schedule II Controlled Substance, and five (5) kilograms or more of cocaine, a Schedule II Controlled Substance, all in violation of Title 21, United States Code, Section 841(b)(1)(A).

With respect to TORRANCE CARNELL COTRIGHT, also known as "Trey Wit It," the amounts involved in the conspiracy attributable to him as a result of his own conduct and the conduct of other conspirators reasonably foreseeable to him, are five hundred (500) grams or more of cocaine, a Schedule II Controlled Substance, in violation of Title 21, United States Code, Section 841(b)(1)(B) and a quantity of marijuana, a Schedule I Controlled Substance, in violation of Title 21, United States Code, Section 841(b)(1)(D).

With respect to ANUSKA VIDITO, also known as "Nish Nish," the amounts

involved in the conspiracy attributable to her as a result of her own conduct and the conduct of other conspirators reasonably foreseeable to her, are fifty (50) grams or more of methamphetamine, a Schedule II Controlled Substance, in violation of Title 21, United States Code, Section 841(b)(1)(A).

With respect to SOLOMON MARTINEZ, also known as "Shay Lok" and EDDIE THOMASSON, also known as "Lil Cuz," the amounts involved in the conspiracy attributable to them as a result of their own conduct and the conduct of other conspirators reasonably foreseeable to them, are a quantity of a mixture and substance containing cocaine, a Schedule II Controlled Substance, in violation of Title 21, United States Code, Section 841(b)(1)(C) and a quantity of marijuana, a Schedule I Controlled Substance, in violation of Title 21, United States Code, Section 841(b)(1)(D).

With respect to JACQUAN BROWN, the amounts involved in the conspiracy attributable to him as a result of his own conduct and the conduct of other conspirators reasonably foreseeable to him, are a quantity of cocaine, a Schedule II Controlled Substance, in violation of Title 21, United States Code, Section 841(b)(1)(C).

With respect to DEREK HIGHSMITH, also known as "D-High" the amounts involved in the conspiracy attributable to him as a result of his own conduct and the conduct of other conspirators reasonably foreseeable to him, are five hundred (500) grams or more of cocaine, a Schedule II Controlled Substance, in violation of Title 21, United States Code, Section 841(b)(1)(B).

With respect to JAWAN WALLACE, also known as "Lil Lok" the amounts

involved in the conspiracy attributable to him as a result of his own conduct and the conduct of other conspirators reasonably foreseeable to him, are a quantity of cocaine, a Schedule II Controlled Substance, in violation of Title 21, United States Code, Section 841(b)(1)(C).

With respect to GREGORY BARNES, also known as "Shotgun," the amounts involved in the conspiracy attributable to him as a result of his own conduct and the conduct of other conspirators reasonably foreseeable to him, are fifty (50) grams or more of methamphetamine, a Schedule II Controlled Substance, in violation of Title 21, United States Code, Section 841(b)(1)(A).

With respect to ABIGAIL LEE, the amounts involved in the conspiracy attributable to her as a result of her own conduct and the conduct of other conspirators reasonably foreseeable to her, are five (5) kilograms or more of cocaine, a Schedule II Controlled Substance, in violation of Title 21, United States Code, Section 841(b)(1)(A) and a quantity of marijuana, a Schedule I Controlled Substance, in violation of Title 21, United States Code, Section 841(b)(1)(D).

All in violation of Title 21, United States Code, Section 846.

### COUNT THREE

From a date unknown to the Grand Jury, but no later than in or about October 2018, and continuing up to and including on or about August 14, 2019, in the Eastern District of North Carolina and elsewhere, the defendants, TROY DAVIS, also known as "Set Trip", "G-Trip" and "Trip", ABIGAIL LEE and DEJANIQUE SHAW, did knowingly combine, conspire, confederate, and agree with each other and with other persons, known and unknown to the Grand Jury, to commit offenses against the

9

United States in violation of Title 18, United States Code, Section 1956, to wit, to knowingly conduct and attempt to conduct financial transactions affecting interstate commerce and foreign commerce, which in fact involved the proceeds of a specified unlawful activity, that is, drug trafficking, knowing that the transactions were designed in whole or in part to conceal and disguise the nature, location, source, ownership, and control of the proceeds of the specified unlawful activity, and while conducting and attempting to conduct such financial transactions, knowing that the property involved in the financial transactions represented the proceeds of some form of unlawful activity, in violation of Title 18, United States Code, Section 1956(a)(1)(B)(i).

All in violation of Title 18, United States Code, Section 1956(h).

## COUNT FOUR

On or about November 10, 2021, in the Eastern District of North Carolina, the defendant, EDDIE THOMASSON also known as "Lil Cuz," knowingly sold a firearm to a convicted felon, knowing and having reasonable cause to believe that he had been convicted of a crime punishable by imprisonment for a term exceeding one year, in violation of Title 18 United States Code, Sections 922(d) and 924(a)(2).

*[REMAINDER OF PAGE INTENTIONALLY LEFT BLANK]*

## FORFEITURE NOTICE

Notice is hereby given that all right, title and interest in the property described herein is subject to forfeiture.

Upon conviction of any felony violation of the Controlled Substances Act charged herein, the defendant shall forfeit to the United States, pursuant to 21 U.S.C. § 853(a), any property constituting, or derived from, any proceeds obtained, directly or indirectly, as a result of the said offense, and any property used, or intended to be used, in any manner or part, to commit, or to facilitate the commission of the said offense.

Upon conviction of any violation of the Gun Control Act, the National Firearms Act, or any other offense charged herein that involved or was perpetrated in whole or in part by the use of firearms or ammunition, the defendant shall forfeit to the United States, pursuant to 18 U.S.C. § 924(d) and/or 26 U.S.C. § 5872, as made applicable by 28 U.S.C. § 2461(c), any and all firearms and ammunition that were involved in or used in a knowing or willful commission of the offense, or, pursuant to 18 U.S.C. § 3665, that were found in the possession or under the immediate control of the defendant at the time of arrest.

The forfeitable property includes, but is not limited to, the following:

Forfeiture Money Judgment:

a) A sum of money representing the gross proceeds of the offense(s) charged herein against TROY DAVIS, in the amount of at least $140,400

Personal Property:

b) One Smith and Wesson, Model 59, 9mm pistol, serial number A172620,

11

seized on November 10, 2021, from Eddie Thomasson at 3230 Lynn Ridge Drive, Raleigh, North Carolina and any and all associated ammunition

If any of the above-described forfeitable property, as a result of any act or omission of a defendant: cannot be located upon the exercise of due diligence; has been transferred or sold to, or deposited with, a third party; has been placed beyond the jurisdiction of the court; has been substantially diminished in value; or has been commingled with other property which cannot be divided without difficulty; it is the intent of the United States, pursuant to Title 21, United States Code, Section 853(p), to seek forfeiture of any other property of said defendant up to the value of the forfeitable property described above.

A TRUE BILL:

FOREPERSON

**REDACTED VERSION**
Pursuant to the E-Government Act and the federal rules, the unredacted version of this document has been filed under seal.

DATE: 1-4-2022

MICHAEL F. EASLEY, JR.
United States Attorney

By: _____
KELLY L. SANDLING
Assistant United States Attorney
Criminal Division

12